O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| B.C., a minor, by and through his Guardian Ad Litem Christopher Coleman; and CHRISTOPHER COLEMAN, Guardian Ad Litem,<br><br>Plaintiffs,<br><br>v.<br><br>VINH S. NGO; COURTENAY NGO; BALFOUR BEATTY COMMUNITIES, LLC; and DOES, 1 through 10,<br><br>Defendants. | CV 18-05913 RSWL-JPR<br><br>**Order re: Motion to Remand Case** [16] |

Plaintiff B.C. ("Plaintiff"), by and through his guardian ad litem, brings this Action against Defendants Vinh S. Ngo, Courtenay Ngo, and Balfour Beatty Communities, LLC (collectively, "Defendants") arising from a dog attack. Currently before the Court

is Plaintiff's Motion to Remand Case ("Motion") [16]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Plaintiff's Motion.

## I. BACKGROUND

**A.  Factual Background**

Plaintiff is a minor. Notice of Removal, Ex. A ("Compl.") at 5, ECF No. 1. He and his guardian ad litem are citizens of California. Notice of Removal ¶ 4. Defendant Balfour Beatty Communities, LLC ("Balfour") is fully owned by Balfour Beatty Investments, Inc., a Delaware corporation with its principal place of business in Pennsylvania. Id. Balfour claims that Defendants Vinh S. Ngo and Courtenay Ngo (collectively, the "Ngos") are citizens of Hawaii. Id.

The Ngos kept a "chow type" dog at their residence at the Vandenberg Air Force Base in California. Compl. 10 ¶ 2. Balfour and the Ngos "owned, leased, managed, supervised, maintained, and controlled the above-mentioned premises." Id. at 11. On December 4, 2016, while passing by the residence, Plaintiff was attacked and bitten multiple times by the dog. Id. at 10 ¶ 3. As a result, Plaintiff suffered mental anguish and property damage and sustained physical injuries, including abrasions, lacerations, and permanent scarring. Id. at 10 ¶ 4. Plaintiff needed hospital and medical care and rehabilitation as well. Id.

**B. Procedural Background**

On May 23, 2018, Plaintiff filed his Complaint [1] against Defendants in Santa Barbara Superior Court. Plaintiff claims that the Ngos are strictly liable and that all Defendants were negligent and are liable for punitive damages.

Defendant removed the Action [1] to this Court on July 6, 2018 on the basis of diversity jurisdiction. On July 20, 2018, Plaintiff filed the instant Motion [16]. Defendant timely opposed [18], and Plaintiff timely replied [20].

## II. DISCUSSION

**A. Legal Standard**

Civil actions may be removed from state court if the federal court has original jurisdiction. See Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 33 (2002) ("Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, . . . original subject-matter jurisdiction [must] lie[] in the federal courts."). Diversity jurisdiction exists in all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. There must be complete diversity of citizenship, meaning "each of the plaintiffs must be a citizen of a different state than each of the defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citing

Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)). Federal question jurisdiction exists in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"The burden of establishing jurisdiction falls on the party invoking the removal statute, which is strictly construed against removal." Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1371 (9th Cir. 1987) (internal citations omitted). Courts resolve all ambiguities "in favor of remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). A removed case must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

**B. Analysis**

1. Subject Matter Jurisdiction

Plaintiff contends that this Court lacks subject matter jurisdiction over this Action. The Court undisputably lacks federal question jurisdiction; therefore, the issue is whether the Court has diversity jurisdiction.

Where, as here, a complaint does not demand a specific sum, "the notice of removal may assert the amount in controversy." 28 U.S.C. § 1446(c)(2)(A); see Kroske v. US Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005) (stating that where "the complaint does not

demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $[75],000" (quoting Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997))). The "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014). Where the plaintiff contests the amount alleged in the notice of removal, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Id. at 551 (citing 28 U.S.C. § 1446(c)(2)(B)).

    Plaintiff contests Balfour's allegation that the amount in controversy exceeds $75,000. In response, Balfour's only proof is Plaintiff's offer to settle this matter for $100,000 on April 27, 2017. A settlement demand that reflects a reasonable estimate of the claims is relevant to the amount-in-controversy determination. Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002). Here, however, Plaintiff expressly disavows the letter, which Plaintiff sent eighteen months ago in order to anchor the negotiations in Plaintiff's favor and obtain Balfour's policy

limits.  Plaintiff based the amount on unsupported assumptions and without any disclosures or discovery from Balfour.  As such, the Court finds that the settlement offer is not a reasonable estimate of Plaintiff's claims.  See, e.g., Walker v. CorePower Yoga, LLC, No. 12cv4-WQH-DHB, 2013 U.S. Dist. LEXIS 74809, at *21-22 (S.D. Cal. May 24, 2013) (finding that the amount-in-controversy requirement was not satisfied where plaintiff expressly disavowed the $25,570,375 settlement letter by stating that it was inflated and unsupported).  The amount-in-controversy requirement accordingly has not been satisfied.

Without more than $75,000 in controversy, the Court lacks jurisdiction and need not address whether the parties are completely diverse.  Thus, the Court **GRANTS** Plaintiff's Motion.

    2.   Attorneys' Fees and Costs

Given the Court's decision to remand, Plaintiff seeks attorneys' fees and costs for improper removal.  See 28 U.S.C. § 1447(c).  A court may award attorneys' fees where "the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  Here, Balfour had a reasonable argument for removal due to the settlement demand, so Plaintiff's request is **DENIED**.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS**

Plaintiff's Motion.  The Court **REMANDS** this Action back to the Superior Court of California for the County of Santa Barbara, Case No. **18CV02585**.
**IT IS SO ORDERED.**

DATED: August 24, 2018          <u>s/ RONALD S.W. LEW</u>
                                **HONORABLE RONALD S.W. LEW**
                                Senior U.S. District Judge