|     |     |
| --- | --- |
|     | **CLOSED** |
|     | **O** |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.C., a minor, by and through his Guardian Ad Litem Christopher Coleman; and CHRISTOPHER COLEMAN, Guardian Ad Litem, <br><br> Plaintiffs, <br><br> v. <br><br> VINH S. NGO; COURTENAY NGO; BALFOUR BEATTY COMMUNITIES, LLC; and DOES, 1 through 10, <br><br> Defendants. | CV 18-05913 RSWL-JPR <br><br> **Order re: Plaintiff's Motion to Remand Case** [34] |

Plaintiff B.C.("Plaintiff"), a minor, by and through his Guardian Ad Litem, Christopher Coleman, brings this Action against Vihn S. Ngo; Courtenay Ngo; and Balfour Beatty Communities, LLC (collectively, "Defendants") arising from a dog attack. Currently

1

before the Court is Plaintiff's Motion to Remand ("Motion") [34-1]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Plaintiff's Motion.

**I. BACKGROUND**

**A.** <u>**Factual Background**</u>

The relevant facts of this case have already been laid out by the Court in its prior Order Granting Plaintiff's Motion to Remand ("First Remand Order") [24]. To orient the discussion, the Court briefly repeats the facts here.

Plaintiff is a minor. First Notice of Removal, Ex. A ("Compl.") ¶ 5, ECF No. 1. He and his Guardian Ad Litem are citizens of California. First Notice of Removal ¶ 4. Defendant Balfour Beatty Communities, LLC ("Balfour") is fully owned by Balfour Beatty Investments, Inc., a Delaware corporation with its principal place of business in Pennsylvania. Id. Balfour claims that Defendants Vinh S. Ngo and Courtenay Ngo (collectively, the "Ngos") are citizens of Hawaii. Id.

The Ngos kept a "chow type" dog at their residence at the Vandenberg Air Force Base in California. Compl. 10 ¶ 2. Balfour and the Ngos "owned, leased, managed, supervised, maintained, and controlled the above-mentioned premises." Id. at 11. On December 4, 2016, while passing by the residence, Plaintiff was attacked

2

and bitten multiple times by the dog. Id. at 10 ¶ 3. As a result, Plaintiff suffered mental anguish and property damage and sustained physical injuries, including abrasions, lacerations, and permanent scarring. Id. at 10 ¶ 4. Plaintiff needed hospital and medical care, as well as rehabilitation. Id.

**B. Procedural Background**

On May 23, 2018, Plaintiff filed his Complaint [1] against Defendants in Santa Barbara Superior Court. Plaintiff claims that the Ngos are strictly liable and that all Defendants were negligent and are liable for punitive damages.

Defendant Balfour first removed this Action [1] to this Court on July 6, 2018 on the basis of diversity jurisdiction. On August 24, 2018, the Court ordered that the case be remanded back to the Superior Court of California, County of Santa Barbara, because Balfour failed to meet its burden of proving that the amount in controversy exceeds $75,000 [24]. On March 5, 2019, Balfour filed a Second Notice of Removal, claiming that new information establishes that the Court has jurisdiction over the case based on diversity and federal question since the attack occurred on a federal enclave. See Second Notice of Removal, ECF. No. 27, ¶¶ 2-4. On April 3, 2019 Plaintiff filed the instant Motion [34-1]. Balfour timely opposed [36] on April 23, 2019. Plaintiff timely replied [38] on April 30, 2019.

## II. DISCUSSION

**A.  Legal Standard**

Civil actions may be removed from state court if the federal court has original jurisdiction.  See Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 33 (2002) ("Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, . . . original subject-matter jurisdiction [must] lie[] in the federal courts.").  Diversity jurisdiction exists in all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.  There must be complete diversity of citizenship, meaning "each of the plaintiffs must be a citizen of a different state than each of the defendants."  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).  Federal question jurisdiction exists in "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

"The burden of establishing jurisdiction falls on the party invoking the removal statute, which is strictly construed against removal."  Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1371 (9th Cir. 1987) (internal citations omitted).  Courts resolve all ambiguities "in favor of remand to state court."  Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th

Cir. 2009) (citing <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992)). A removed case must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

**B.** <u>**Analysis**</u>

    1. <u>Remand</u>

Under 28 U.S.C. 1447(d), an order to remand a case back to the State court is generally not reviewable. <u>See</u> 28 U.S.C. § 1447(d). In keeping with 28 U.S.C. 1447(d), "a defendant generally may not remove the case to federal court a second time." <u>Bazan v. Greyhound Lines, Inc.</u>, No. 2:18-CV-09378VAP (MAAx), 2019 WL 990434, at *2 (C.D. Cal. Mar. 1, 2019) (quotations omitted). Successive removal petitions are only permitted upon a "relevant change of circumstances—that is, when subsequent pleadings or events reveal a *new* and *different* ground for removal." <u>Reyes v. Dollar Tree Stores, Inc.</u>, 781 F.3d 1185, 1188 (9th Cir. 2015) (quotations omitted); <u>see</u> <u>Leon v. Gordon Trucking, Inc.</u>, 76 F. Supp. 3d 1055, 1062 (C.D. Cal. 2014) (quotations omitted) ("[A] party is not entitled to file a second notice of removal upon the same grounds where the district court previously remanded the action.").

Here, Balfour filed both the first and second Notices of Removal on the basis of diversity

jurisdiction.[1]  After the first removal, the Court remanded the Action because Balfour failed to satisfy its burden of proving by a preponderance of the evidence that the amount in controversy exceeded $75,000.  See generally First Remand Order. Specifically, Balfour's only proof that the amount in controversy was satisfied was Plaintiff's offer to settle the matter for $100,000, but the Court found that the settlement offer was not a reasonable estimate of Plaintiff's claims since Plaintiff expressly disavowed the settlement letter, Plaintiff had sent the settlement letter eighteen months prior in order to anchor negotiations in Plaintiff's favor, and Plaintiff based the settlement amount on unsupported assumptions and without any disclosures or discovery from Balfour. Id. at 5:25-6:5.

Balfour now attempts a second bite at the apple, arguing that new evidence establishes that the amount in controversy is satisfied.  Specifically, Balfour points to Plaintiff's Statement of Damages, which was provided to Balfour on January 23, 2019, in which

---

[1] Balfour also alleges that the Court has original jurisdiction under 28 U.S.C. § 1331, because Vandenberg Air Force Base is a federal enclave under the Federal Government's exclusive legislative jurisdiction.  See Second Notice of Removal ¶ 4, ECF No. 27.  The court declines to address the merits of this argument since Balfour knew about the location of the attack since the Complaint was filed, see Compl. ¶ 10, yet failed to raise this argument in its first Notice of Removal.  See Leon, 76 F. Supp. 3d at 1062 ("[A] party is not entitled to file a second notice of removal upon the same grounds where the district court previously remanded the action.").

Plaintiff claims damages totaling $937,021.09 (i.e. $4,421.09 in past medical, $132,600 in future medical, $150,000 for pain and suffering, $150,000 for emotional distress, and $500,000 for punitive damages). See Second Notice of Removal ¶¶ 3, 7; Second Notice of Removal, Ex. V ("Plaintiff's Statement of Damages"), ECF No. 27-22. While this specific amount of damages may not have been known by Balfour the first time it removed this Action, Balfour was at least aware that Plaintiff's medical expenses and potential medical expenses could have well exceeded $75,000. Specifically, Plaintiff's counsel insists that on April 27, 2017, she provided Balfour with all of Plaintiff's medical records, and with an estimate of future medical specials in the amount of $127,600. Mot., Decl. of Megan N. Bowker ("Bowker Decl.") ¶¶ 4-5, ECF No. 34-2. Despite being armed with information showing that the amount in controversy exceeded the threshold $75,000 that is required to establish diversity jurisdiction, Balfour failed to provide such information to the Court when the Court was deciding Plaintiff's first Motion to Remand.

Balfour argues that Plaintiff deliberately obfuscated the amount of damages he was seeking for almost four months and disavowed the future medical

expenses on four separate occasions.[2] However, even assuming the validity of these allegations, Balfour fails to provide any persuasive explanation as to why it neglected to inform the Court of the $127,600 in future medical expenses in response to Plaintiff's First Motion to Remand. Instead, Balfour argues that Plaintiff disavowed the future medical expenses when he offered to settle for less than the suggested future medical treatment. However, just because Plaintiff was willing to settle the case for a lesser amount than the future medical expenses does not mean that Plaintiff was willing disclaim the future medical expenses had Balfour refused the settlement offer. Balfour alternatively argues that it did not reference the future medical expenses in opposing Plaintiff's First Motion to Remand because it believed the settlement demand was more persuasive than suggested future medical treatment, and since Plaintiff disavowed the settlement demand, "the Court can expect [P]laintiff would have disavowed the suggested future medical treatment referenced in the same letter had [Balfour] used it as a basis for the amount in controversy as well." Opp'n at 5:1-4. However, the Court can make no

---

[2] Many of Balfour's arguments concern events that occurred after the Court issued the First Remand Order. However, such events are irrelevant to the question of what Balfour knew at the time that it first removed the Action to this Court. Since the analysis here centers on whether Balfour's second removal is based on new or different information than it initially had, the Court declines to address these arguments at this juncture.

8

such assumption as Plaintiff's settlement demand is entirely distinct from his estimated future medical expenses.

In sum, even if Plaintiff did not clearly state the exact damages he was seeking until he provided Balfour with his Statement of Damages on January 23, 2019, Balfour, as the party with the burden to prove that the amount in controversy exceeded $75,000, should have informed the Court of information tending to show that this threshold amount was satisfied. See e.g. Ybarra v. Apartment Investment and Management Co., No. CV 12-05814 SJO (JCGx), 2012 WL 4788398, at *1 (C.D. Cal. July 27, 2012) ("Defendant's second removal is not based on new grounds. Instead, Defendant is offering additional evidence to prove what should have been proved in the first Notice of Removal . . . ."). Because Balfour brings its successive removal on the same grounds as its first removal, and given that there has been no "relevant change of circumstances," the Court **GRANTS** Plaintiff's Motion to Remand the Action.[3] Reyes, 781 F.3d at 1188.

///

---

[3] Even if Plaintiff's Statement of Damages constituted new or different information, Balfour failed to remove the Action within thirty days of receiving such information, as it is required to do under 28 U.S.C. § 1446. Balfour explains that it had to wait for the Ngos to consent to removal prior to doing so, but fails to provide any reason why it was unable to secure such consent from the Ngos after they first appeared in this Action on February 7, 2019.

9

2. <u>Attorneys' Fees</u>

Plaintiff seeks attorneys' fees and costs for improper removal pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A court has the discretion to award attorneys' fees where "the removing party lacked an objectively reasonable basis for seeking removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005). Here, Balfour had a reasonable argument for removal since Plaintiff was not forthcoming regarding the specific amount of damages he was claiming until he submitted the Statement of Damages. Thus, the Court **DENIES** Plaintiff's request for attorneys' fees.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion. The Court **REMANDS** this Action back to the Superior Court of California for the County of Santa Barbara.

**IT IS SO ORDERED.**

DATED: July 2, 2019         s/ RONALD S.W. LEW
                            **HONORABLE RONALD S.W. LEW**
                            Senior U.S. District Judge